RECEIVED
JUN 2 3 2015
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

EFRAIN LYNN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action
No. 13-5730 (AET)

**MEMORANDUM OPINION**

**THOMPSON, District Judge:**

    Petitioner is proceeding pro se with a Motion to Vacate, Correct, or Set Aside his sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 1).

    1.    Petitioner was tried before a jury and convicted of conspiracy to commit bank robbery, 18 U.S.C. § 1951; two counts of bank robbery, 18 U.S.C. § 2113(a); and two counts of possession and discharge of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A). (Docket Entry 1 ¶ 4). *United States v. Lynn*, No. 07-0454-03 (AET) (D.N.J. 2009).

    2.    On May 28, 2009, this Court sentenced Petitioner to 481 months imprisonment followed by five years of supervised release.

    3.    Petitioner timely appealed. The Court of Appeals for the Third Circuit affirmed the convictions and sentence. *United States v. Herrera-Genao*, 419 F. App'x 288, 291 (3d Cir. 2011).

    4.    Petitioner did not file a petition for writ of certiorari. (Docket Entry 1 ¶ 9(g)).

5. Petitioner filed the instant motion on September 17, 2013. (Docket Entry 1 at 13).

6. On May 20, 2014, this Court advised Petitioner of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and directed Petitioner to inform the Court within 45 days as to how he wanted to proceed. (Docket Entry 2).

7. On June 3, 2014, the *Miller* order was returned to the Court as undeliverable. (Docket Entry 4).

8. On August 28, 2014, this Court resent its *Miller* order to Petitioner at his new location. (Docket Entry 5).

9. On September 9, 2014, the *Miller* order was again returned to the Court as undeliverable. (Docket Entry 6).

10. On December 19, 2014, the *Miller* order was sent to Petitioner once again, along with an advisement that failure to respond to the Court with Petitioner's current address may result in the motion being dismissed for failure to prosecute. (Docket Entry 7).

11. Petitioner submitted a change of address to the Court on January 5, 2015. (Docket Entry 8).

12. Petitioner has not notified the Court regarding its *Miller* order, therefore pursuant to *Miller*, 197 F.3d at 652 n.7, and this Court's May 20, 2014 order, the petition is being ruled upon as filed.

2

13. Petitioner's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a federal prisoner seeking to challenge his conviction and sentence under § 2255. Under § 2255(f), the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

14. In his petition, Petitioner argues his motion is timely because it was filed within one year of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that any fact that increases a mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. (Docket Entry 1 ¶ 18).

15. Although the Third Circuit recognized that *Alleyne* announced a new rule, it held *Alleyne* "is not retroactively applicable to cases on collateral review," like Petitioner's.

3

*United States v. Reyes*, 755 F.3d 210, 212 (3d Cir.), *cert. denied*, 135 S. Ct. 695 (2014); *see also United States v. Winkelman*, 746 F.3d 134 (3d Cir. 2014). Petitioner therefore cannot rely on *Alleyne* as the starting point of AEDPA's one-year limitations period under 28 U.S.C. § 2255(f)(3).

16. Additionally, *Alleyne* is a change of law, and is not a "fact" within the meaning of § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183-84 (4th Cir. 2014) (en banc); *Lo v. Endicott*, 506 F.3d 572, 574-75 (7th Cir. 2007); *E.J.R.E. v. United States*, 453 F.3d 1094, 1097-98 (8th Cir. 2006). Petitioner therefore cannot use the date of the *Alleyne* decision as the start of the limitations period under § 2255(f)(4).

17. Under § 2255(f)(1), Petitioner's conviction became final ninety (90) days after the Third Circuit's decision, *i.e.*, June 22, 2011, which represents the time during which Petitioner could have sought a writ of certiorari.

18. AEDPA's one-year statute of limitations therefore expired on June 22, 2012, well before Petitioner filed the instant petition on September 17, 2013. 28 U.S.C. § 2255(f)(1).

19. In addition to his claim for relief under *Alleyne*, Petitioner also asserts claims of ineffective assistance of counsel, various sentencing errors, and violations of his Fifth Amendment right to remain silent. (Docket Entry 1-1 at 8-11). These

4

claims could have been and should have been raised within the one-year limitations period.

20. AEDPA's statute of limitations is subject to equitable tolling in appropriate cases, however. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

21. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

22. "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

23. In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations

5

period.'" *Id.* at 802-03 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

24. "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ibid.*

25. In the interests of justice, Petitioner shall be ordered to show cause why his Petition should not be dismissed as untimely under 28 U.S.C. § 2255(f).

26. Any response by Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations for each of his stated grounds for relief.

June 22, 2015
Date

ANNE E. THOMPSON
U.S. District Judge

6