IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

EFRAIN LYNN,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 13-5730 (AET)

**OPINION**

APPEARANCES:

EFRAIN LYNN, Petitioner pro se
#28601-050
USP McCreary
P.O. Box 3000     .
Pine Knot, Kentucky 42635

RECEIVED

DEC 2 9 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

**I. INTRODUCTION**

    Before the Court is Petitioner Efrain Lynn's ("Petitioner")
Motion to Vacate, Correct, or Set Aside his sentence pursuant to 28
U.S.C. § 2255. (Docket Entry 1). For the reasons stated herein, the
Court will dismiss the motion as time-barred, and no certificate of
appealability will issue.

**II.  BACKGROUND**

    Petitioner and his co-defendants were tried before a jury for
a series of four armed bank robberies that occurred between
February and March 2007. Petition was ultimately convicted of
conspiracy to commit bank robbery, 18 U.S.C. § 1951 (Count One);
two counts of bank robbery, 18 U.S.C. § 2113(a) (Counts Six and

Eight); and two counts of possession and discharge of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A) (Counts Seven and Nine). (Docket Entry 1 ¶ 4); *see also United States v. Lynn*, No. 07-0454-03 (AET) (D.N.J. 2009). He was acquitted of robbing the Bank of America East Brunswick branch, 18 U.S.C. §§ 2113(a), (d) (Count Four); and possessing and discharging of a firearm during the course of that robbery, 18 U.S.C. § 924(c)(1)(A) (Count Five). *Lynn*, No. 07-00454-03 (D.N.J. May 28, 2009) (judgment of conviction).

At sentencing, this Court included the East Brunswick robbery with the mandatory minimums as relevant conduct, as the Court found that Petitioner had clearly participated in the robbery. As a result, his advisory Guidelines range was 519 to 552 months. This Court used its discretion to sentence Petitioner to 481-months imprisonment, followed by five years of supervised release. Petitioner timely appealed to the Court of Appeals for the Third Circuit. On March 24, 2011, the Third Circuit affirmed his convictions and sentence. *United States v. Herrera-Genao*, 419 F. App'x 288, 291 (3d Cir. 2011). He did not file a petition for writ of certiorari with the United States Supreme Court. (Docket Entry 1 ¶ 9(g)).

Petitioner filed the instant § 2255 motion on September 17, 2013. (Docket Entry 1 at 13). On May 20, 2014, this Court advised Petitioner of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and directed Petitioner to inform the Court

2

within 45 days as to how he wanted to proceed. (Docket Entry 2). On June 3, 2014, the *Miller* order was returned to the Court as undeliverable. (Docket Entry 4). This Court resent the *Miller* order to Petitioner at his new location on August 28, 2014. (Docket Entry 5). The *Miller* order was again returned to the Court as undeliverable on September 9, 2014. (Docket Entry 6). The *Miller* order was sent to Petitioner once again on December 19, 2014, along with an advisement that failure to respond to the Court with Petitioner's current address may result in the motion being dismissed for failure to prosecute. (Docket Entry 7). Petitioner submitted a change of address to the Court on January 5, 2015. (Docket Entry 8). Petitioner has not notified the Court regarding its *Miller* order, therefore pursuant to *Miller*, 197 F.3d at 652 n.7, and this Court's May 20, 2014 order, the petition is being ruled upon as filed.

As the motion was filed more than a year after Petitioner's judgment of conviction became final, 28 U.S.C. § 2255(f)(1), the Court ordered Petitioner to show cause why the motion should not be dismissed as untimely. (Docket Entry 10). Petitioner did not respond to the order to show cause.

## III. STANDARD OF REVIEW

Petitioner brings this motion as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas

petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a § 2255 motion if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2255 Rule 4(b).

**IV. ANALYSIS**

In his motion, Petitioner argues his trial counsel was ineffective during plea negotiations, trial, and sentencing. He also asserts resentencing is required under *Alleyne v. United States*, which held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. 2151, 2155 (2013).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one-year statute of limitations for filing a federal petition for habeas corpus. Under § 2255(f), the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

4

newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner argues the one-year limitations
period should be calculated from June 17, 2013, the date of the
*Alleyne* decision. (Docket Entry 1 at 12).

Section 2255 permits filing within one year of "the date on
which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court
and made retroactively applicable to cases on collateral review."
28 U.S.C. § 2255(f)(3). The Third Circuit held in *United States v.
Winkelman* that "*Alleyne* cannot be applied retroactively to cases on
collateral review[,]" and therefore could not be the basis for a
second or successive § 2255 motion. 746 F.3d 134, 136 (3d Cir.
2014); see also 28 U.S.C. § 2255(h)(2) (permitting second or
successive motions when a court of appeals finds the motion to
contain "a new rule of constitutional law, made retroactive to
cases on collateral review by the Supreme Court, that was
previously unavailable.").

The Third Circuit revisited *Alleyne* in *United States v. Reyes*,
755 F.3d 210 (3d Cir.), *cert. denied*, 135 S. Ct. 695 (2014), where
it confirmed *Alleyne* announced a new rule of law, *id.* at 212.
Noting that the Supreme Court had not specifically held *Alleyne* to
be retroactive to cases on collateral review and that "*Alleyne*

5

provides only a limited modification to the Sixth Amendment rule announced in *Apprendi v. New Jersey,* 530 U.S. 466 (2000)," the Third Circuit again confirmed *Alleyne* was not retroactive to cases on collateral review. *Id.* at 212-13 (citing *Tyler v. Cain*, 533 U.S. 656, 663 (2001)). Petitioner cannot rely on *Alleyne* as the starting point of AEDPA's one-year limitations period under 28 U.S.C. § 2255(f)(3).

AEDPA's limitations period began on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[1] The judgment of conviction became final ninety (90) days after the Third Circuit's decision, *i.e.*, June 23, 2011, which represents the time during which Petitioner could have petitioned for a writ of certiorari. *Greene v. Palakovich*, 606 F.3d 85, 91 (3d Cir. 2010) (citing *Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999)), *aff'd sub nom Greene v. Fisher*, 132 S. Ct. 38 (2011). He therefore had until June 25, 2012,[2] to timely file his § 2255 motion. He did not hand his motion to prison official for mailing, however, until September 17, 2013, over a year late. (Docket Entry 1 at 13); *see also Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (for pro se motions, the motion is deemed filed when the prisoner puts it into the prison mail system). Furthermore, Petitioner's other claims of ineffective assistance of counsel,

---

[1] Petitioner does not assert the United States prevented him from filing his motion. *See* 28 U.S.C. § 2255(f)(2).

[2] June 23, 2012 was a Saturday. *See* Fed. R. Civ. Pro. 6(a)(1)(C).

6

various sentencing errors, and violations of his Fifth Amendment right to remain silent could have been and should have been raised within the one-year limitations period or on direct appeal.

As AEDPA's statute of limitations is subject to equitable tolling in appropriate cases, *Holland v. Florida*, 560 U.S. 631, 645 (2010), the Court gave Petitioner an opportunity to set forth facts that he believed entitled him to equitable tolling. (Docket Entry 10). Petitioner did not respond to the Court's Order. As the motion does not set forth any facts that would entitle Petitioner to equitable tolling, and Petition has not supplied any in response to the Court's Order to Show Cause, the motion must be dismissed as untimely.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate

7

of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

## V. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is dismissed as untimely under 28 U.S.C. § 2255(f). No certificate of appealability shall issue. An accompanying Order will be entered.

_Dec. 29, 2015_
Date

ANNE E. THOMPSON
U.S. District Judge